ANTHONY S. EARL, Secretary Department of Natural Resources
Your letter requests an opinion on whether the Department of Natural Resources must comply with ch. 32, Stats., as amended by chs. 438 and 440, Laws of 1977, when engaging in land acquisition, even if the use of the Department's eminent domain power is not contemplated.
I have been advised that the situation you have in mind is the not uncommon occasion when a property owner initiates the acquisition of his property by the Department. Prior to the contact by the owner, the Department had no scheduled program for the acquisition. Thus, the acquisition, while it serves a clear public purpose, is an accommodation to the owner who wishes to sell his property. In short, under these circumstances, and if the Department has a bona fide intention not to condemn the property, it need not comply with ch. 32, except for secs. 32.19
to 32.27, Stats. Sections 32.19 to 32.27, Stats., deal with relocation payments and assistance, and must be complied with if the Department is authorized by statute to condemn the property. *Page 4 
The intention of the Department is irrelevant in determining the applicability of these sections of ch. 32.
The Department of Natural Resources' power to acquire land, by condemnation or otherwise, derives from sec. 23.09 (2) (d), Stats., as amended by ch. 29, Laws of 1977:
 Lands, acquisition. Acquire by purchase, lease or agreement, and receive by gifts or devise, lands or waters suitable for the purposes enumerated in this paragraph, and maintain such lands and waters for such purposes; and may condemn lands or waters suitable for such purposes after obtaining approval of the appropriate standing committees of each house of the legislature as determined by the presiding officer thereof:
 1. For state forests for the purpose of growing timber, demonstrating forestry methods, protecting watersheds or providing public recreation.
 2. For state parks for the purpose of preserving scenic or historical values or natural wonders.
 3. For public shooting, trapping or fishing grounds or waters for the purpose of providing areas in which any citizen may hunt, trap or fish.
4. For fish hatcheries and game farms.
5. For forest nurseries and experimental stations.
 6. For preservation of any species defined in s. 29.415 (2).
7. For state recreation areas as defined in s. 23.091.
By its terms, the statute seems to contemplate two separate grants of power: one to "acquire by purchase, lease or agreement," and two, to "condemn lands or waters suitable." Nevertheless, both purchase or condemnation can be exercised only for the seven purposes enumerated. This indicates that any property that can lawfully be acquired by purchase by the Department could potentially be condemned by the Department.
The caveat in sec. 23.09 (2)(d), Stats., that the Department must seek approval of the appropriate standing committees of the Legislature before condemning, is procedural, and does not affect the Department's status as a condemnor under the law. *Page 5 
The distinction as to when the Department is using its acquisition power under sec. 23.09 (2)(d), Stats., or its condemnation power under the same statute is difficult to draw. Chapter 32, Stats., as amended by ch. 438, Laws of 1977, makes clear that certain substantive rights are granted to property owners during the negotiation phase of the condemnation process, and this provision makes it crucial that the Department comply with ch. 32, Stats., if there is any possibility of condemnation.
However, in view of the dual nature of the power to acquire or condemn under sec. 23.09 (2)(d), Stats., it is my opinion that the Department need not comply with ch. 32, Stats., procedure for exercising the power of eminent domain unless it actually intends to condemn the specific property involved. In other words and limited to the described situation if there is no possibility of condemnation of the property, the Department can negotiate without the strictures of ch. 32, Stats. It is important that there be no intent, under any circumstances, to condemn, otherwise the purpose of ch. 32, Stats., is circumvented.
Once the Department of Natural Resources Board passes a resolution of the necessity for the taking of a certain property, pursuant to sec. 32.07, Stats., all of the requirements of ch. 32, Stats., are applicable. But, if there is any chance, even before a Board resolution, that the property may be condemned, ch. 32, Stats., should be followed. If a project is planned and the Department will condemn land for the project, if necessary, sec. 32.06, Stats., must be followed as to all parcels for such a project.
Sections 32.19 to 32.27, Stats., deal with property owners' rights to relocation assistance and payments. For the purposes of these sections, sec. 32.185, Stats., defines a "condemnor" as follows:
 CONDEMNOR. "Condemnor", for the purposes of ss. 32.19 to 32.27, means any municipality, board, commission, public officer or corporation vested with the power of eminent domain which acquires property for public purposes either by negotiated purchase when authorized by statute to employ its powers of eminent domain or by the power of eminent domain.
In my opinion, this definition indicates that the Department must comply with secs. 32.19 through 32.27, Stats., even when it is not and does not contemplate using the procedure under sec.32.06, Stats., to *Page 6 
condemn the property. The words "when authorized by statute to employ its powers of eminent domain," and the coterminous power to acquire or condemn under sec. 23.09 (2)(d), Stats., compels this result.
There seems to be an inconsistency in the requirements of sec. terms, sec. 32.19 (2m), Stats., provides:
 Information on payments. Before initiating negotiations to acquire the property under s. 32.05
(2a), 32.06 (2a) or chapter 275, laws of 1931, as amended (Kline Law), the condemnor shall provide displaced persons with copies of applicable pamphlets prepared under s. 32.26 (6).
Strictly construed, the requirement for informational booklets does not attach unless the Department is operating under sec.32.06, Stats. Therefore, it seems that even though the Department is required to make relocation payments and provide relocation assistance when vested by statute with the power of eminent domain as to a specific property, the plain words of sec. 32.19
(2m), Stats., do not require that informational booklets on relocation benefits be distributed unless the Department is proceeding under sec. 32.06, Stats.
My conclusion, then, is that under the described situation where the Department of Natural Resources has no intention to condemn the property, it can lawfully negotiate for its purchase under sec. 23.09 (2)(d), Stats., without compliance with the eminent domain procedure of ch. 32, Stats. Once there is intent to condemn, typically but not necessarily manifested by the Board's passing a resolution of necessity, all of the requirements of ch. 32, Stats., are applicable. Sections 32.19
through 32.27, Stats., with the possible exception of sec. 32.19
(2m), Stats., apply even if the Department does not intend to condemn, so long as it is authorized by statute to condemn. My interpretation is that all property acquisition of the Department is subject to Wisconsin relocation assistance law as it is expressed in these sections.
BCL:CAB *Page 7